FILED
SUPERIOR COURT
OF GUAM

2024 JUN 10 PM 4: 29

CLERK OF COURT

BY:_____



**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>FRANCIS L. MOYLAN and YUK LAN MOYLAN,<br><br>Deceased. | PROBATE CASE NO. PR0234-22<br><br><br>**DECISION AND ORDER**<br>*Re: Richard Moylan's Motion to Dismiss* |

This matter came before the Honorable Arthur R. Barcinas on March 7, 2024, for a hearing on Plaintiff Richard Moylan's ("Plaintiff") GRCP Rule 12(b)(6) Motion to Dismiss Probate Petition ("Motion to Dismiss), filed on January 16, 2024. Present at the hearing were Petitioner Lina Leialoha Moylan Alston's ("Petitioner") counsel Attorney Jacqueline T. Terlaje; and Richard Moylan, with his counsel Attorney William B. Pole. Having taken the parties' arguments under advisement, the Court **DENIES** the Motion to Dismiss.

## BACKGROUND

This matter arises from a probate case regarding the estate of Francis L. Moylan and Yuk Lan Moylan (collectively, "Decedents"). On December 21, 2022, Petitioner filed a Verified Petition for Probate of Will with Will Annexed and Issuance of Letters Testamentary, as well as an Order for Granting Special Letters of Administration. On December 23, 2022, Plaintiff filed

his objection to Petitioner's filings. On January 16, 2024, Plaintiff filed the Motion to Dismiss, claiming that Frances S. Pua Pueo, an omitted alleged heir of Francis L. Moylan, had not been notified of the Petition nor given an opportunity to contest it, and arguing that the Court is allegedly deprived of jurisdiction to proceed.

On February 14, 2024, Petitioner filed an opposition to the Motion to Dismiss, arguing that, while Petitioner was unaware of any omitted heir, that alone would not be sufficient to prevent probate administration, as the omitted heir is able to seek determination of heirship prior to final distribution under 15 GCA § 3201. Opp., at 4.

On February 26, 2024, Plaintiff filed a reply to the opposition, arguing that Pueo holds herself out as an Heir of Francis L. Moylan, and that 15 GCA § 3201 "does not limit the right of a potential heir if that heir has no knowledge to come forward." Reply, at 2.

On March 7, 2024, the Court heard arguments from both parties, and subsequently took the matter under advisement.

## DISCUSSION

Plaintiff argues that this case is ripe for dismissal under Guam Rules of Civil Procedure ("GRCP") Rule 12(b)(6). In support of this claim, Plaintiff argues that, when considering the motion, "the court is not required to accept as true any conclusions of law or unwarranted deductions of fact in the complaint." Mot., at 2 (citing *Sutter v. Duke*, 176 S.E.2d 161 (N.C. 1970)). Plaintiff further argues that "[w]hen the complaint fails to allege the substantive elements of some legally cognizable claim, or where it alleges facts that defeat any claim, the complaint should be dismissed under Rule 12(b)(6)." *Id.* at 2-3 (citing *Hudson Cole Dev. Corp. v. Beemer*, 511 S.E.2d 309 (N.C. App. 1999)). The Court disagrees that the case is ripe for dismissal, for the following reasons.

GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). Guam law requires only a short and plain statement of the claim showing entitlement to relief. *Ukau v. Wang*, 2016 Guam 26 ¶ 52. Whether a plaintiff pleaded or proved his claim by preponderance of the evidence is immaterial at the 12(b)(6) phase; Plaintiff merely has to state sufficient facts to place Defendant on notice of his claim. *Wang*, 2016 Guam 26 ¶ 53. While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wang*, 2016 Guam 26 ¶ 26. Beyond this, the Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it imposes only a liberal notice pleading requirement. *See id.* at ¶ 33.

When reviewing a Rule 12(b)(6) motion, the trial court must construe the pleading in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor. *Id.* at ¶ 51. In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech Int'l Corp. v. Hanil Eng. & Constr. Co.*, 2010 Guam 13 ¶ 29.

The Court finds that, construed in the light most favorable to Petitioner and resolving all doubts in Petitioner's favor, the Petition meets the liberal notice pleading requirement under GRCP 12(b)(6).

The Court further finds that, while Plaintiff frames his motion to dismiss as being brought under GRCP 12(b)(6), failure to state a claim for which relief may be granted, he does not seem

to demonstrate that Petitioner has failed to state such a claim, or that there is no set of facts which could be proved in support of the claim. Instead, his fundamental argument seems to be that the Court lacks sufficient jurisdiction to proceed in this matter. Plaintiff begins his argument by stating that "[i]n the instant case the Court must determine if it has jurisdiction to hear the matter," and then argues that because Pueo was not identified in the Petition, "[t]he Petition is defective ... and lacks sufficient jurisdiction for the Court to proceed." Mot., at 3.

Moreover, even if the Court were to attempt to frame Plaintiff's jurisdictional argument through the more appropriate 12(b)(1) lens, the Court does not find that it is deprived of jurisdiction. Plaintiff's argument is largely predicated upon the Hon. Alberto J. Lamorena III's March 19, 2018 decision on a Motion for Reconsideration in *In the Matter of the Estate of Lagrimas C. Cruz*, PR0110-14 (Super. Ct. Guam). The Court does not find the March 19, 2018 *Cruz* decision persuasive in the instant case. In that decision, Judge Lamorena granted reconsideration on the grounds that, because the lack of service prevented the omitted heir from timely filing a Petition for Determination for Heirship pursuant to 15 GCA § 3201, it was manifestly unjust to deny the omitted heir a hearing on said petition. Judge Lamorena had previously held that the Petition for Determination was untimely filed because it was submitted after the appropriate window to file had closed, i.e., "[a]t any time after the first publication of the notice to creditors ... and prior to the time a petition for final distribution has been filed." *Cruz*, PR0110-14, D&O at 3 (Super. Ct. Guam, March 19, 2018). Even if Pueo was given no initial notice by Petitioner, she still has the opportunity to file a Petition for Determination for Heirship pursuant to 15 GCA § 3201 because no petition for final distribution has been filed. Therefore, the Court finds that it is not deprived of jurisdiction to proceed.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Richard Moylan's Motion to Dismiss, and

**ORDERS** that notice of these proceedings be served upon Frances S. Pua Pueo by Petitioner.

**IT IS SO ORDERED** ___JUN 1 0 2024___ .

**HONORABLE ARTHUR R, BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
Jacqueline Terlaje
William Pole, Esq.

JUN 1 0 2024
Date: _____ Time: 4:40 pm
Edna M. Nego
Deputy Clerk, Superior Court of Guam